CHIASSON, Judge.
This suit arises from a truck-pedestrian accident which occurred on private property. Plaintiff-appellee, Troy Jordan, was struck by a truck being driven by Lloyd Whitehead and owned by Larry Lloyd. The accident occurred on the premises of Standard Gravel Company, Inc. on August 26, 1978 at approximately 8:00 P.M. Suit was filed against the above named persons and their insurers.
The trial court rendered judgment in favor of plaintiff and against all defendants in the sum of $25,000.00 for pain, suffering and disability; $4,000.00 for lost wages; and $2,946.70 for medical expenses. All defendants have suspensively appealed this judgment.
Appellants, Standard Gravel Company, Inc. and its insurer, Fidelity & Casualty Insurance Company of New York, have failed to file a brief or make any appearance herein.
On authority of Rule VII, Section 5(b), we ex proprio motu, consider their appeal as abandoned and order the appeal of these appellants dismissed with prejudice.
Appellants, Larry Lloyd, Lloyd Whitehead and their insurers, Empire Fire & Marine Insurance Company, make the following assignments of error:
1. The trial court erred in finding defendant, Lloyd Whitehead, guilty of negligence;
2. The trial court erred in not holding that the accident was caused solely by the negligence of plaintiff or, alternatively, that plaintiff was contributorily negligent; and
3. Alternatively, the amount awarded in damages is excessive and should be reduced.
At the time of the accident appellee was in the process of loading his dump truck under a conveyor belt. The procedure required him to park his truck under the conveyor belt, disembark from his truck and walk to the control shack to activate the controls that energized the conveyor belt. After activating the controls it was necessary to immediately ascertain that the belt conveyor was operating properly. The control shack was very small with a small opening on the side where an entrance road was located. Appellee had entered the shack, activated the controls and took two steps back so he could check the conveyor belt when he was struck by a dump truck being driven by Lloyd Whitehead. Whitehead was familiar with the procedure used for loading at the conveyor belt. He was also aware that to use the entrance road to the left of the control shack required that his truck pass, at most, two feet from the opening in the control shack. An alternative entrance was provided to the right of the lane in which appellee was loading his truck. Contrary to appellants’ contention, this entrance to the right was the one generally used when there was a truck being loaded under the conveyor belt and another one waiting in line, as was the case at the time of this accident. Whitehead had seen the headlights of both appellee’s vehicle and the one behind appellee’s vehicle. He did not use the entrance to the right because passing over the railroad tracks and switches was tough on his truck.
Being fully aware of the loading procedure and knowing that loading was in progress, Whitehead’s choice of passing two feet from the shack door imposed upon him a great duty of care to avoid injuring anyone. Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978). Although he saw appellee back out of the shack with his back towards Whitehead and with a flashlight in his hand looking towards the conveyor belt, he did not have his vehicle under sufficient control to avoid striking appellee.
We concur with the trial court’s holding that Whitehead was negligent under these circumstances.
Nor do we find appellee contributo-rily negligent for not hearing or seeing the *1323 Whitehead truck. The record establishes that much noise is generated by gravel falling into an empty truck bed and the running of the equipment. The accident occurred at a time when it was dark. Appel-lee had his back to the Whitehead truck and the lights from his truck were illuminating the control shack area which prevented him from noticing the lights on defendant’s vehicle.
We therefore find no manifest error in the trial court’s holding that appellants are liable to appellee for his injuries. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
As to the amount of damages, appel-lee, as found by the trial judge, “received fractures of his right leg and two fractures of his left foot. He was hospitalized for 11 days and a metal pin was placed in his right leg. This pin was later removed in an operation. As a result of his injuries he was on crutches for several weeks and he had to use a cane for several months. Mr. Jordan at the time of the trial maintained that he was still suffering with weakness in the knee and pain in going about with his work related duties. The Court believes an award in the amount of TWENTY-FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS for his pain and suffering and his disability will be adequate in this case.” These findings of fact are substantiated by the record.
In the assessment of damages much discretion is vested in the trier of fact. La.CC art. 1934(3). We find that the trial judge did not abuse his “much discretion” and therefore affirm the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
For these reasons the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.